UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAHEE ABD' RASHEED, | ) | 1:09-CV-00415 GSA HC |
| Petitioner, | ) ) ) | ORDER REQUIRING RESPONDENT TO FILE RESPONSE |
| v. | ) ) | ORDER SETTING BRIEFING SCHEDULE |
| KELLY HARRINGTON, Acting Warden, | ) ) ) | ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS ON ATTORNEY GENERAL |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has returned his consent/decline form indicating consent to the exercise of Magistrate Judge jurisdiction.

The Court has conducted a preliminary review of the Petition. Petitioner is currently in custody at Kern Valley State Prison. He alleges he was scheduled for release on February 12, 2009, but prison officials have denied him release. He states that instead of being released, he has been placed in administrative segregation. He states he was told he was a new commitment even though he has been incarcerated since October 17, 1998. It is not clear from the face of the Petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243. Accordingly, pursuant to Rule 4 of the Rules

Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

1. Respondent SHALL FILE a RESPONSE to the Petition[2] within **SIXTY (60) days** of the date of service of this order. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). A Response can be made by filing one of the following:

    A. AN ANSWER addressing the merits of the Petition. Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. See Rule 5, Rules Governing Section 2254 Cases. Any argument by Respondent that Petitioner has *procedurally defaulted* a claim SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

    B. A MOTION TO DISMISS the Petition. A Motion to Dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings. See Rule 5, Rules Governing Section 2254 Cases.[3]

2. If Respondent files an Answer to the Petition, Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed.R.Civ.P. 81(a)(4). Rule 11 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules." Rule 11, Rules Governing Section 2254 Cases.

[2] Respondent is advised that a scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").

[3] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer or *other pleading . . . or to take other action the judge may order* ." Rule 4, Rules Governing Section 2254 Cases (emphasis added); see also Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); White v. Lewis , 874 F.2d 599, 60203 (9th Cir. 1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

3. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **THIRTY (30) days** of the date Respondent's Motion is filed with the Court. If no Opposition is filed, the Motion to Dismiss is deemed submitted at the expiration of the thirty days. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **EIGHT (8) days**, plus three days for mailing.

4. Respondent SHALL COMPLETE and RETURN to the Court within **THIRTY (30) days** a Consent/Decline form indicating whether Respondent consents or declines to consent to the jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

5. The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

**Dated:** **May 7, 2009**    /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE