UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAHEE ABD' RASHEED, | ) | 1:09-CV-00415 LJO GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS |
| | ) | [Doc. #14] |
| | ) | |
| KELLY HARRINGTON, Acting Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On February 27, 2009, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner argues that he was scheduled for release on February 12, 2009, but was denied release by prison officials. He claims he was placed in administrative segregation instead. On July 6, 2009, Respondent filed a motion to dismiss for failure to state a prima facie claim for relief and for failure to exhaust state remedies. On August 7 and 17, 2009, Petitioner filed oppositions.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In the instant case, Respondent is correct that Petitioner fails to state a prima facie claim for relief. Petitioner argues that he was scheduled for release on February 12, 2009, but instead was placed in administrative segregation. His claim is plainly frivolous. As noted by Respondent, the abstract of judgment attached to the motion to dismiss shows Petitioner was sentenced on February 8, 1999, to twenty-five years to life, and he is currently serving this sentence. See Exhibit 1, Respondent's Motion to Dismiss. Petitioner provides nothing to support his claim that he has somehow been granted release at this time. The petition must be dismissed.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be

1  GRANTED and the petition for writ of habeas corpus be DISMISSED for failure to state a claim for
2  relief..

3        This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
4  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
5  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
6  California.

7        Within thirty (30) days after being served with a copy, any party may file written objections
8  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
9  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
10 filed within ten (10) court days (plus three days if served by mail) after service of the objections.
11 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
12 parties are advised that failure to file objections within the specified time may waive the right to
13 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15     IT IS SO ORDERED.
16   Dated:   **September 28, 2009**          /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE